## Verhovay Aid Association Charter.

*Corporations—Beneficial societies—Charter—Principal place of business—Petition for amendment—Refusal.*

An appeal from the refusal of the lower court to allow an amendment to the charter of a fraternal and beneficial association, changing the place of the corporation's principal office from a town in the county where the corporation was created to a city in another county, will be dismissed where the lower court found on competent evidence that there had not been clear proof of the desire for the amendment on the part of the membership of the association.

Argued April 10, 1917. Appeal, No. 321, Jan. T., 1916, by petitioners, from decree of C. P. Luzerne Co., Nov. T., 1915, No. 274, refusing petition for amendment of charter in re Amendment to Charter of the Verhovay Aid Association. Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ. Affirmed.

Petition to amend charter of fraternal and beneficial association. Before FULLER, P. J.

From the record it appeared that at a convention of the Verhovay Aid Association, the majority of the two hundred and two delegates voted in favor of the change in the location of the association's principal place of business. There was no evidence as to whether the delegates at such convention voted upon the authority and with the knowledge of the branches and members, or merely upon their individual judgment. The membership of the association was approximately sixteen thousand.

Further facts appear by the opinion of the Supreme Court.

*Error assigned,* among others, was in refusing to allow the amendment.

*John H. Bigelow,* with him *Harry Doerr* and *John R. Sharpless,* for appellant.

*M. A. Kilker,* with him *John J. Kelley,* for appellee.

PER CURIAM, May 7, 1917:

The appellant was incorporated by the court below on September 3, 1901, under the Act of April 6, 1893, P. L. 10. That act provides that its charter must set forth where its principal office is to be located, and Hazleton, Luzerne County, was named in the charter as the location of that office. This appeal is from the refusal of the court below to allow an amendment to the charter, changing the place of appellant's principal office from Hazleton to Pittsburgh, Allegheny County. The petition to amend was denied for the reason that there had not been clear proof of the desire for the amendment on the part of the membership of the association. We have not been convinced that this was error, even if the court had authority to allow the amendment. It declined to pass upon that question, and we shall, therefore, not now consider it.

Appeal dismissed at appellant's costs.